IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL LOUIS COLEMAN, ) | |
| # 214910, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv218-TMH |
| ) | (WO) |
| J.C. GILES, *et al.*, ) | |
| ) | |
| Respondents. | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 filed by state inmate Michael Louis Coleman ("Coleman"). Coleman challenges his guilty-plea conviction for first-degree robbery entered against him by the Circuit Court of Houston County, Alabama, on December 15, 2000. On that same date, the trial court sentenced Coleman to 15 years in prison.

Coleman filed a direct appeal in which he argued that his guilty plea was not knowingly and voluntarily entered because he was not advised of the proper range of sentence in his case. *Exhibit 2 - Doc. No 11-2*.[1] Specifically, Coleman contended that he was not told prior to entering his guilty plea that his sentence would be enhanced pursuant to § 13A-5-6(a)(4), Ala. Code 1975, the mandatory sentence enhancement applied when a firearm or deadly weapon is used or attempted to be used during the commission of a Class-A

---

[1]Unless otherwise noted, all references to exhibits are to Respondents' Exhibits.

felony such as first-degree robbery (*see* § 13A-8-41, Ala. Code 1975). *Id*. at 10-26. On June 22, 2001, the Alabama Court of Criminal Appeals affirmed Coleman's conviction in an unpublished memorandum opinion, finding that Coleman's claim was not preserved for appellate review. *Exhibit 5 - Doc. No. 11-5*. The appellate court's opinion, in relevant part, reads as follows:

> Coleman did not contest the voluntariness of his guilty plea in the circuit court. "A deficiency in a guilty plea proceeding must be brought to the attention of the trial court by a timely objection, a motion to withdraw the plea, or a motion for a new trial; otherwise, it is waived on appeal." *Bagley v. State*, 681 So.2d 262 (Ala. Crim. App. 1995) (citing *Willis v. State*, 500 So. 1324 (Ala. Crim. App. 1986). Coleman's claim is precluded from appellate review because it was not presented to the trial court.
>
> Coleman's conviction is affirmed.

*Exhibit 5 - Doc. No. 11-5* at 1. Coleman filed an application for rehearing with the Alabama Court of Criminal Appeals, which that court denied on July 20, 2001. *Coleman v. State*, 837 So.2d 891 (Ala. Crim. App. Jul. 20, 2001) (Table, No. CR-00-1219). He then filed a petition for a writ of certiorari with the Alabama Supreme Court, which was denied on November 16, 2001. *Ex parte Coleman*, 839 So.2d 690 (Ala. Nov. 16, 2001) (Table, No. 1001952).

More than five years later, on September 10, 2007, Coleman filed a *pro se* state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure with the Circuit Court of Houston County (the trial court). *Exhibit 7 - Doc. No. 11-7*. In his Rule 32 petition, Coleman argued that his 15-year sentence was illegal because the trial court, when imposing his sentence in 2000, failed to impose the mandatory minimum sentence of

2

20 years' imprisonment pursuant to the firearm-enhancement provisions of § 13A-5-6(a)(4), Ala. Code 1975. *Id*. at 6-20. On September 24, 2007, the trial court entered an order modifying Coleman's sentence from the original 15-year sentence to the mandatory minimum sentence under § 13A-5-6(a)(4) of 20 years' imprisonment and otherwise dismissed the Rule 32 petition for failure to state a claim. *Id*. at 3.

Coleman appealed from the trial court's order to the Alabama Court of Criminal Appeals, where he reasserted the "illegal sentence" claim he presented in his Rule 32 petition. *Exhibit 8 - Doc. No. 11-8*. On October 17, 2008, the Alabama Court of Criminal Appeals entered a memorandum opinion holding, in pertinent part, as follows:

> On appeal, Coleman reasserts the claim contained in his petition. However, Coleman received the relief requested in his petition with respect to his sentence; thus, there is no adverse ruling from which to appeal. To preserve an issue for appeal, an adverse ruling is required. *Harrington v. State*, 858 So. 2d 278, 302 (Ala. Crim. App. 2002).
>
> Accordingly, this appeal is dismissed.

*Exhibit 10 - Doc. No. 11-10*. Coleman filed an application for rehearing with the Alabama Court of Criminal Appeals, which that court denied on January 16, 2009. *Exhibit 11 - Doc. No. 11-11*. He then filed a petition for a writ of certiorari with the Alabama Supreme Court, which was denied on March 6, 2009. *Exhibit 12 - Doc. No. 12*.

On March 18, 2009, Coleman initiated this 28 U.S.C. § 2254 action by filing a habeas petition in which he asserts the following claims:

1. His guilty plea was not knowingly and voluntarily entered because he was not informed of the correct minimum sentence

3

>       for his crime at the time he entered his guilty plea; specifically,
>       he was not told that his sentence would be enhanced pursuant to
>       the provisions of § 13A-5-6(a)(4), Ala. Code 1975 .

   2.      He is actually innocent of the crime of which he was convicted.

*Petition - Doc. No. 1* at 5.

The respondents argue that Coleman's claims are procedurally defaulted because he failed to present the claims to the state courts in accordance with the State's procedural rules. *See Respondents' Answer - Doc. No. 11*; *Respondents' Supplemental Answer - Doc. No. 13*. Specifically, the respondents assert that Coleman failed to properly exhaust his "guilty plea voluntariness" claim by raising it in the Rule 32 petition he filed in 2007 and that no state remedy remains by which he may now present this claim; i.e., any attempt by Coleman now to raise this claim in state court would be untimely and therefore futile. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.); *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) ("Nothing in *Boerckel's* reasoning suggests that a different rule should apply in state post-conviction appeals as opposed to direct appeals."); *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when a petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted); *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999)

("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile.")  The respondents also assert that Coleman is procedurally defaulted on his "actual innocence" claim due to his failure ever to present the claim in the state courts. *Doc. No. 11* at 4-6 & 11-12.  In addition, the respondents assert that Coleman's allegations fail to satisfy the requirements for relief based on a claim of actual innocence. *Doc. No. 11* at 11.

Upon consideration of the § 2254 petition, the parties' submissions, the record, and the applicable federal law, the court determines that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the present habeas petition is due to be denied as the claims raised therein by the petitioner are procedurally barred from federal review.

## II.   DISCUSSION

**A.   Actual Innocence – Independent Claim**

Coleman claims he is actually innocent of the crime to which he pled guilty and was convicted.

> The law is well settled "that '[c]laims of actual innocence ... have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins*, 506 U.S. 390, 400 (1993).  It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence [presented at trial or] that has emerged since the trial.  'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution – not to correct

5

errors of fact.' *Id.*"

*Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002). Consequently, Coleman is not entitled to relief from this court based on any independent claim of actual innocence.

**B.    Procedural Default**

The claims presented by Coleman in his petition for habeas corpus relief are, as the respondents assert, procedurally defaulted because Coleman failed to present these claims to the state courts in accordance with the State's applicable procedural rules. *See O'Sullivan*, 562 U.S. at 845; *Henderson*, 353 F.3d at 891; *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). First, Coleman's claim that his guilty plea was not knowingly and voluntarily entered because he was not informed of the correct minimum sentence when he entered the plea is procedurally defaulted because Coleman did not raise the claim in his 2007 Rule 32 petition (or on appeal from any ruling on the petition) and/or because, although Coleman raised such a claim on direct appeal in 2001, the last state court to review the claim, the Alabama Court of Criminal Appeals, stated clearly and expressly that the claim was procedurally barred because Coleman failed to preserve the issue for appellate review by first presenting it to the trial court. *See Exhibit 5 - Doc. No. 11-5 at 1.* "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992)

6

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Moreover, Coleman's independent claim of actual innocence, even if cognizable in a federal habeas proceeding, is deemed to be procedurally defaulted because such a claim was never presented to the state courts by Coleman.

This court may reach the merits of Coleman's procedurally defaulted claims "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*." *Henderson*, 353 F.3d at 892.

  1.  ***Cause and Prejudice***

> "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.*; *Crawford v. Head,* 311 F.3d 1288, 1327-28 (11th Cir. 2002).

*Henderson*, 353 F.3d at 892. Coleman makes no attempt to demonstrate either cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules, or the existence of actual prejudice emanating from infringement of federal law. Accordingly, he is procedurally defaulted on his claims for federal habeas relief. Nevertheless, this court may still reach the merits of Coleman's procedurally defaulted claims in order to prevent a fundamental miscarriage of justice.

### 2.   *Fundamental Miscarriage of Justice – Actual Innocence*

A federal court may grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray v. Carrier,* 477 U.S. 478, 495-96 (1986). A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *See Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The miscarriage of justice standard is directly linked to actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a

petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The standard exacted by *Schlup* "is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims." 547 U.S. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

9

In asserting his actual innocence, Coleman contends that he pled guilty only because his "trial counsel did no tell petitioner that his co-defendants testified at trial that petitioner had nothing to do with the robbery." *Petition - Doc. No. 1* at 5. Coleman's only support for this contention – apart from his self-serving, after-the-fact assertion – is his reference to a motion for a free transcript of his codefedants' trial that his trial counsel filed, several months before he entered his guilty plea, in which his counsel maintained that testimony given by his codefendants "tend[ed] to exculpate" Coleman. *See Petitioner's Exhibit 4*. However, Coleman does not point to any testimony from his codefendants' trial (or any statements made by his codefendants since their trial) that establishes his actual innocence. Moreover, the Alabama Court of Appeals' opinion in the appeal of one of Coleman's codefendants reflects that the evidence presented at his codefendants' trial showed that Coleman was a participant in the armed robbery. *See Exhibit 14 - Doc. No. 11-14*. When pleading guilty, Coleman acknowledged his guilt under oath in open court. He has failed to present the sort of new, reliable evidence of innocence sufficient to satisfying the stringent standard set forth in *Schlup*. Consequently, his procedurally defaulted claims are foreclosed from federal habeas review

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Coleman be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 15, 2011. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 31st day of January, 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE